## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

UNITED STATES OF AMERICA,     )
                                   )
            Plaintiff,         )
                                   )
              v.             )         NO. 2:18-CR-37
                                   )
JASON RICHARDSON,         )
                                   )
           Defendant.     )

## OPINION AND ORDER

This matter is before me on Jason Richardson's pro se motion for a reduction of sentence or compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) due to the COVID-19 pandemic [DE 519]. Although Richardson claimed he did not originally receive the government's response [DE 535], I ordered the government to mail him another copy, and it filed a certificate of service regarding the same. [DE 537, 538.] Richardson's reply was due on December 20, 2021, but to date, he has not filed a reply.

Richardson is a 41year old male who is currently incarcerated at FCI Beckley in Beaver, West Virginia, with an anticipated release date of February 1, 2025. He has served approximately 43 months of his 96 month sentence. [DE 525 at 4; Ex. 1.] In his motion, Richardson claims that his high blood pressure and high cholesterol place him at a higher risk of fatality due to COVID-19, and that his institution is not doing enough to curb the virus. [DE 519 at 1-4.]

Richardson attached two affidavits to his motion. The first is by Professor Chris Beyrer, Professor of Epidemiology at Johns Hopkins Bloomberg School of Public

Health, which describes the nature and seriousness of COVID-19, as well as the risks of COVID-19 in detention facilities due to the population density. [DE 519-1 at 1-4.]  The second is an affidavit of Dr. Brie Williams, a Professor of Medicine at the University of California, which discusses the high risk of infection and accelerated transmission of COVID-19 within jails. [*Id.* at 5-13.]  Both affidavits were authored and signed well over a year ago (before the vaccines were widely available): Dr. Williams' affidavit was signed March 27, 2020, and Professor Beyrer's on March 16, 2020.  There is a low rate of infection at Richardson's facility.  At the time of the government's response, only one inmate and one staff member had a confirmed case of COVID-19 at FCI Beckley.  [DE 525 at 7-8.]

The government has provided Richardson's medical records which confirm that Richardson has hypertension, high cholesterol, and high triglycerides and takes medicine for the same.  [DE 525 at 4.]  Richardson has received two doses of the vaccine. [DE 527-1 at 71.]

Richardson was involved in a widespread multi-state drug conspiracy. [DE 521 at 2.]  He was charged with 12 other defendants in a superseding indictment with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, heroin, and fentanyl analogue in violation of 21 U.S.C. § 846. [DE 127.]  I sentenced him pursuant to a plea agreement on August 18, 2020, to 96 months imprisonment to be followed by 4 years of supervised release. [DE 418.]  Although Richardson claims he

2

wrote to the warden and requested release [DE 519 at 2], the government contacted the

BOP Attorney-advisor who stated that Richardson has not made any request for release

or home confinement.  [DE 525 at 4; 525-1.]  Even giving Richardson the benefit of the

doubt and assuming he has exhausted his administrative remedies, his request still fails.

Section 3582(c)(1) permits a district judge to release a prisoner if the judge finds

"extraordinary and compelling reasons" for that step, and the judge has also considered

any applicable policy statement of the Sentencing Commission and reviewed the

criteria of § 3553(a) "to the extent that they are applicable."  18 U.S.C. § 3582(c)(1).  The

Seventh Circuit held in *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020), that none of

the Sentencing Commission's policy statements apply to compassionate-release

requests made by prisoners themselves (as opposed to requests made by the Bureau of

Prisons).  So I'm left with the question of whether an extraordinary and compelling

reason justifies release – and if so, whether release is appropriate given the factors in

section 3553(a).  As the Seventh Circuit has held, it is best to proceed in that order - only

after finding an extraordinary and compelling reason for release need I, as part of

"exercising the discretion conferred by the compassionate release statute, . . . consider

any applicable sentencing factors in § 3553(a) as part of determining what sentencing

reduction to award the prisoner."  *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021)

(quoting *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021)).

I have reviewed the briefs and records in this case and conclude there are no

"extraordinary and compelling reasons [that] warrant such a reduction." 18 U.S.C. §

3582(c)(1)(A).  Richardson does face some health issues like high blood pressure and high cholesterol.  However, even if Richardson may be at an elevated medical risk were he to contract COVID-19, these medical risk factors are surpassed by the fact that Richardson is fully vaccinated.  As the Seventh Circuit has recognized in *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021):

> [F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order.  A prisoner who can show that he is unable to receive or benefit from a vaccine still may turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.

Let's face it, "impossible" is a pretty high standard.  And lest someone thinks this was just hyperbole, the Seventh Circuit recently doubled down on that standard when it said that when a prisoner "is vaccinated, he is ineligible" for compassionate release. *United States v. Kurzynowski,* 17 F.4th 756, 760-61 (7th Cir. 2021).  So that leaves Mr. Richardson, who is vaccinated, unable to obtain compassionate release at least when the request is based solely on concerns over COVID-19.

In sum, because Richardson cannot establish extraordinary and compelling reasons for release, it is unnecessary for me to consider the section 3553(a) factors.  But I will add for the sake of completeness, that those factors do not weigh in Richardson's favor either.  The section 3553(a) factors, which are well-known by this point, include the nature and circumstances of the offense and history and characteristics of the

4

defendant; the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant; and the kinds of sentences and sentencing range for the applicable category of offense committed.  18 U.S.C. § 3553(a).  Richardson's crime was extensive and serious - he was involved in an expansive drug conspiracy, involving huge quantities of dangerous drugs.  Richardson has an extensive criminal history, which includes two prior felony convictions for controlled substance offenses, he still has a significant portion of his sentence left, and I believe he may still pose a danger to the community.

## Conclusion

For the aforementioned reasons, Jason Richardson's  motion for a reduction of sentence or compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) due to the COVID-19 pandemic [DE 519] is DENIED.

ENTERED: January 4, 2022.

 /s/   Philip P. Simon_____
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT